UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:
Carolina Uribe Borrero, Case No. 26-40008-KAC

Debtor.

Pawel Rzeczkowski and DeWitt LLP,

Plaintiffs,
v. Adversary Proceeding No. 26-04044

Carolina Uribe Borrero,

Defendant.

# RESPONSE OF DEWITT LLP TO MOTION OF PAWEL RZECZKOWSKI FOR RELIEF FROM DISMISSAL AND TERMINATION OF DISPUTED REPRESENTATION

DeWitt LLP ("DeWitt") submits this response in opposition to the motion of Pawel Rzeczkowski ("Pawel") for relief from dismissal of adversary proceeding, case no. 26-04044 (the "Adversary") and for various additional forms of relief, principally, a determination that DeWitt does not represent Pawel in this bankruptcy case or in the Adversary.

## INTRODUCTION

Pawel does not deny that he personally executed a written settlement agreement (the "Settlement Agreement"), under which he agreed to release all of the claims related to the Adversary and to dismiss the Adversary. Accordingly, insofar as Pawel is seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure, the court must deny the motion because Pawel cannot carry his burden of demonstrating that he has a meritorious claim in the Adversary.

Pawel's motion for relief under Rule 60(b) also fails because reinstating the Adversary would unfairly prejudice the defendant, Carolina Uribe Borrero (the "Debtor.") The Debtor has

substantially performed under the Settlement Agreement. The Debtor has filed a modified plan treating DeWitt and Pawel's amended proof of claim (claim number 9) for $73,000 as a priority claim of which the Debtor has funded approximately $62,000 and for which the Chapter 13 Trustee has issued DeWitt a check. Additionally, as the Debtor agreed to do under the Settlement Agreement, she has dismissed her appeal of a state court order in the dissolution proceeding requiring her to pay approximately $155,000 in Pawel's attorneys' fees. The Debtor has, in other words, relied to her detriment on Pawel and DeWitt's agreement to dismiss the Adversary.

Pawel, on the other hand, suffers no prejudice if the court denies his motion insofar as he seeks relief from the dismissal of the Adversary. First, the Adversary is a non-dischargeability proceeding, and the parties have already agreed in the Settlement Agreement that the amended claim of $73,000 is non-dischargeable. Second, the dismissal of the Adversary, which was with prejudice, only precludes Pawel from pursuing claims that were or could have been pleaded in the Adversary. It does not preclude his claims against the Debtor for interfering with his relationship with his children and other claims he seeks to protect arising out of the dissolution of his marriage.

Finally, Pawel's standing to object to the dismissal of the Adversary is questionable. He claims he never engaged DeWitt as his attorneys in this bankruptcy case and always appeared independently. But he did not independently file the Adversary; DeWitt did so on his behalf. Hence, Pawel's status as a party to the Adversary exists only if DeWitt represented him. If, as Pawel claims, he never authorized that representation, Pawel is not validly a party to the Adversary and has no standing to object to its dismissal.

The multiple other forms of relief that Pawel seeks are declaratory or injunctive and are available only in adversary proceedings.

## UNDISPUTED MATERIAL FACTS

Pawel and the Debtor were formerly husband and wife. There are two minor children of the marriage.

In the Hennepin County district court dissolution proceedings, following a three-day trial, the marriage was dissolved. The Judgment and Decree dissolving the marriage was entered June 21, 2022.

Subsequently, in post-dissolution proceedings, by Subsequent Order For Need Based Attorney Fees, the district court ordered the Debtor to pay approximately $155,000 of Pawel's attorney fees directly to his then-attorney in the proceedings, DeWitt. The Debtor appealed the order (the "State Court Appeal.") A copy of the Notice of Appeal is attached as Exhibit A.

In further post-dissolution proceedings, by Findings and Order dated June 22, 2026, the district court ordered Pawel to pay "conduct-based" attorney fees of $16,631, based on the court's finding that Pawel was a frivolous litigant. A copy of the Findings and Order is attached hereto as Exhibit B.

Debtor filed her Chapter 13 petition on January 2, 2026. In her schedules, she listed DeWitt as a general unsecured creditor with a disputed claim for $155,000.

DeWitt filed a proof of claim ("the Claim") for $154,141.70. The Claim named Pawel as a co-claimant. David Orenstein of the DeWitt firm executed the Claim on behalf of DeWitt and on behalf of Pawel. The Claim was filed as a priority claim under Bankruptcy Section 507(a).

DeWitt also filed a Joint Objection of Pawel Rzeczkowski and DeWitt LLP to Confirmation of Debtor's Proposed Chapter 13 Plan on the basis that the Debtor's plan failed to treat the Claim as a priority claim and provide for its payment in full.

The Debtor filed an Objection to the Claim contending that the Claim was improperly filed as a priority claim.

DeWitt filed the Adversary seeking a determination that the Claim be deemed non-dischargeable. The plaintiffs are DeWitt and Pawel. David Orenstein signed the Complaint as attorney for DeWitt and, on behalf of DeWitt, as attorney for Pawel.

On June 4, 2026, the Debtor, DeWitt (through its partner Robert Due) and Pawel (telephonically) appeared at a formal mediation session, conducted by Judge Fisher. David Orenstein appeared, identifying himself on the record as attorney for DeWitt and for Pawel.

The parties reached a settlement under which Debtor would file modified plan treating the Claim as a priority and paying it in full and Pawel and DeWitt would amend the Claim down to $73,000 and dismiss the Adversary. The parties also agreed to a mutual release of claims related to the Adversary and relating to attorney fees incurred in the dissolution, including a dismissal by the Debtor of the pending State Court Appeal and waiver of the award of $16,631 in conduct-based attorney fees made in her favor.

Robert Due explained to Pawel over the phone at the mediation the terms of the settlement and the benefit of the settlement to Pawel personally. Specifically, Robert Due advised Pawel that his liability for attorney fees to DeWitt would be reduced by $73,000; the Debtor would dismiss the State Court Appeal; and the Debtor would release all claims and awards against him for attorney fees arising out of the dissolution proceedings, including the award of $16,631 for his conduct as a frivolous litigant.

Pawel verbally consented to the settlement, both privately in his phone call with Robert Due and on the record at the conclusion of the mediation session.

The parties executed a written Settlement Agreement, dated effective June 16, 2026, setting forth the terms of the settlement the parties agreed upon at the mediation. A copy of the Settlement Agreement is attached hereto as Exhibit C.

Pursuant to the Settlement Agreement, the Debtor filed the modified plan, which was confirmed. DeWitt filed an amended Claim for $73,000 (the "Amended Claim.") David Orenstein signed the Amended Claim as counsel for DeWitt and on behalf DeWitt as counsel for Pawel. DeWitt also filed a Notice of Dismissal of the Adversary, with prejudice. David Orenstein signed the Notice as counsel for DeWitt and on behalf of DeWitt as counsel for Pawel.

On August 31, 2026, DeWitt received a check for $62,023.56 from the Chapter 13 Trustee, as its first payment under the Debtor's modified plan. The Debtor has dismissed her State Court Appeal. A copy of the Order granting the Debtor's notice of voluntary dismissal is attached as Exhibit D.

## LEGAL ANALYSIS

### A. Pawel cannot demonstrate the right to relief under Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure, made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024, authorizes the court to relieve a party from "a final judgment, order, or proceeding." "Rule 60(b) authorizes relief in only the most exceptional of cases." *White v. National Football League*, 756 F.3d 585, 596 (8th Cir. 2014). "Relief under Rule 60(b) is an extraordinary remedy that lies within the discretion of the trial court." *K*, 362 F.3d 468, 475.

A voluntary dismissal falls within the scope of Rule 60(b). *Waetzig v. Halliburton Energy Services, Inc.*, 604 U.S. 305, 311-12 (2025) ( "We hold that a Rule 41(a) voluntary dismissal without prejudice qualifies as a 'final ... proceeding' under Rule 60(b)."); *White v. National*

*Football League*, 756 F.3d 585, 595 (8th Cir. 2014) ("a stipulated dismissal constitutes a 'judgment' under Rule 60(b)."

Pawel seeks relief under Rule 60(b)(1), which authorizes relief where the movant can demonstrate "mistake, inadvertence, surprise, or excusable neglect." Alternatively, Pawel seeks relief under the catchall language of Rule 60(b)(6).

Pawel does not identify any mistake, inadvertence, surprise or inexcusable neglect that led to the filing of the Notice of Dismissal of the Adversary. Rather, he relies on the case of *Surety Insurance Company of California v. Williams*, 729 F2d 581, 582 (8th Cir. 1984) and its progeny, *Greater Kansas City Laborers Pension Fund v. Paramount Industries, Inc.*, 829 F.2d 644 (8th Cir1987), in which the Eighth Circuit Court held that a party's claim that an attorney lacked authority to agree to a settlement states a ground for relief under Rule 60(b).

In *Surety Insurance* and in *Greater Kansas City Laborers Pension Fund*, the movants claimed that they had not consented to a litigation settlement and that their attorney consented to it on their behalf, without their authority. That is very different than the instant case because Pawel acknowledges, as he must under the terms of the Settlement Agreement that he himself signed, that he consented to the settlement of the Adversary; consented to the dismissal of the Adversary; and consented to release all claims related to the Adversary. The Settlement Agreement states, at paragraph 5: "As soon as practicable after confirmation of the modified plan, the Debtor will withdraw her motion objecting to the Claim and **the Claimants will dismiss the Adversary with prejudice**." (Emphasis added). In filing the Notice of Dismissal, DeWitt undeniably acted in accordance with Pawel's express wishes – a fact pattern fundamentally unlike *Surety Insurance*.

Pawel's argument is not that he failed to consent to the dismissal of the Adversary. It is that he did not authorize DeWitt to represent him to carry out his obligations to dismiss the

adversary. Evidently, left to his own devices, Pawel would not have filed a Notice of Dismissal, thereby breaching the Settlement Agreement. Even if *Surety Insurance* could be stretched to fit Pawel's alleged facts, he is not entitled to relief under Rule 60(b) because he cannot meet the requirement of demonstrating that he has a meritorious claim in the Adversary and that granting his motion would not cause unfair prejudice to the Debtor/defendant. *Kirwan v. Vanderwerf (In re Kirwan)*, 164 F.3d 1175, 1177 (8th Cir. 1999) ("This rule [60(b)] may be liberally construed to do substantial justice **to allow parties to air meritorious claims in the absence of fault or prejudice**.") *see*, *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019) ( "[A] good claim or defense is a precondition of Rule 60(b)(6) relief.") (internal quotation marks omitted); *Giles v. St. Luke's Northland Smithville*, 908 F.3d 365, 369 (8th Cir. 2018) (moving party who failed to offer any evidence of a meritorious defense to summary judgment, on that basis alone, is not entitled to relief from judgment under 60(b)) *see, generally*, 11 Wright & Miller, Federal Practice and Procedure § 2857 Discretion of the Court (3d Ed.) ("the courts have . . . administered Rule 60(b) with a scrupulous regard for the aims of finality. . . . They have prevented the needless protraction of litigation by requiring the moving party to show a good claim or defense.")

**1. Pawel cannot demonstrate that he has a meritorious claim in the Adversary.**

In the usual case under Rule 60(b), the moving party has missed a deadline causing the court to enter default judgment in favor of the other party, and the moving party must establish that, if the default judgment is set aside, the moving party has a meritorious defense. The moving party must demonstrate "minimally adequate factual support to illustrate the potential viability of his asserted defenses" in the underlying case. *Stephenson v. El-Batwari*, 524 F.3d 907, 914 (8th Cir. 2008).

Adapting this standard to the present case, to obtain relief under Rule 60(b), Pawel must demonstrate that the claims he asserted in the Adversary are potentially viable. Pawel cannot possibly meet this standard because, under the express terms of the Settlement Agreement, he waived all claims asserted in the Adversary. The Settlement Agreement provides, in paragraph 6: "Effective upon confirmation of the modified plan, and subject to the terms of this Settlement Agreement, the Claimants [defined as DeWitt and Pawel] completely and fully release and forever discharge the Debtor of and from any and all claims, demands, actions, and suits, known or unknown, related to the Claim[.]" If the Adversary were reopened, the Debtor would immediately move to dismiss on grounds of waiver and estoppel. Given the unequivocal release provisions of the Settlement Agreement, the Debtor's motion would undoubtedly be successful. On this basis alone, in the interests of finality and avoiding the needless protraction of litigation, Pawel's motion for relief from dismissal of the Adversary must be denied.

**2. Pawel cannot demonstrate the absence of prejudice to the Debtor if the court grants relief from dismissal of the Adversary.**

As set forth above, the Debtor has acted to her detriment in reliance upon the terms of the Settlement Agreement. Not only has she substantially paid DeWitt and Pawel's claim, she has dismissed her appeal of the district court's award of $155,000 in attorney fees. While Pawel seeks to deprive the Debtor of the economic benefit of her bargain under the Settlement Agreement, he seeks to leave intact all provisions of the Settlement Agreement from which he has benefitted. This is not a case in which allowing the Adversary to be dismissed under the Notice of Dismissal would be an injustice. To the contrary, it would be unjust to allow Pawel to enjoy the fruits of the Settlement Agreement and to avoid his obligations thereunder.

Not incidentally, Pawel suffers no prejudice whatsoever if the Rule 60(b) relief is denied. First of all, the Claim that the Adversary sought to have declared non-dischargeable, as amended,

has practically been paid off. Only approximately $13,000 remains unsatisfied, and, under the terms of the modified plan, in a matter of months, that amount will be paid, rendering the Adversary moot.

Moreover, the Adversary is already moot in the sense that the parties agreed under the Settlement Agreement that the Amended Claim is non-dischargeable, to the extent not paid in full under the modified plan. The Settlement Agreement, at paragraph 2, provides: "The Parties agree that Claimants shall be allowed a nondischargeable priority claim in the Bankruptcy in the amount of $73,000 under 11 U.S.C. § 507(a)(1)(A)."

Finally, although Pawel fears the preclusive effect of a dismissal with prejudice on claims that he has arising out of the dissolution proceeding, the dismissal does not preclude claims unrelated to the Amended Claim.

In the present case, Pawel has not demonstrated any circumstances, much less exceptional circumstances, that would warrant relief under Rule 60(b). This is not a situation in which the court must strike a delicate balance between preventing a potentially unjust result and respecting the sanctity of finality in litigation. Rather, both the interests of justice and the interests of finality point in one direction: allowing the dismissal of the Adversary to stand.

**B. The remaining relief that Pawel seeks is unavailable by motion.**

The remaining relief that Pawel seeks in his motion consist largely of court determinations and declarations of the type that are only available, if at all, in an adversary proceeding. See Federal Rules of Bankruptcy Procedure, Rule 7001.

## WITNESSES

DeWitt intends to call as witnesses, in the event of a hearing on this matter, David Orenstein and Robert Due to testify to the facts set forth in the section of this Response headed "Undisputed Material Facts."

## CONCLUSION

Accordingly, Claimants request that the court deny the Debtor's motion in its entirety,

Dated September 16, 2026

**DEWITT LLP**

By: */s/ David A. Orenstein*

David A. Orenstein (#121447)
901 Marquette Avenue, Suite 2100
Minneapolis, MN 55402
612-305-1494
dao@dewittllp.com

Attorney for DeWitt LLP

## VERIFICATION

I, David A. Orenstein, declare under penalty of perjury that the facts set forth in the above Response are true and correct to the best of my knowledge, information, and belief.

Dated: September 16, 2026

*/s/ David A. Orenstein*
David A. Orenstein

4926-2818-1197, v. 1