| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | FAMILY DIVISION |
| | CASE TYPE: DISSOLUTION WITH CHILD |
| | Judicial Officer: Referee Holly Knight<br>Court File No.: 27-FA-19-6324 |
| Pawel Dominik Rzeczkowski,<br>Petitioner,<br>and<br>Carolina Uribe Borrero,<br>Respondent. | **NOTICE OF APPEAL TO MINNESOTA COURT OF APPEALS** |

TO: CLERK OF APPELLATE COURTS, 305 MINNESOTA JUDICAL CENTER, 25 REV. DR. MARTIN LUTHER KING, JR. BOULEVARD, ST. PAUL, MN 55145:

PLEASE TAKE NOTICE that the above-named Respondent, Carolina Uribe Borrero, appeals to the Court of Appeals of the State of Minnesota from the May 27, 2025 Order of the district court and March 31, 2026 Order for Judgment of the district court, with notice of entry and docketing of judgments occurring on April 3, 2026.

The names, addresses and telephone numbers of the attorney for Appellant and Respondent (pro se) are as follows:



EXHIBIT
tabbies
A

Attorney for Appellant

Jason C. Brown, #302260

BARNA, GUZY & STEFFEN, LTD.
200 Coon Rapids Blvd. NW
Suite 400
Coon Rapids, MN 55433
(763) 780-8500
jbrown@bgs.com

Respondent, Pro Se

Pawel Dominick Rzeczkowski

2166 North Highway 29
Newnan, GA 30265
(678) 462-0500
przeczkowski08@gmail.com

Respectfully submitted,

BARNA, GUZY & STEFFEN, LTD.

Dated: May 28, 2026

By: */s/ Jason Brown*
Jason C. Brown, #302260 200
Coon Rapids Blvd. NW Suite 400
Coon Rapids, MN 55433
Phone: (763) 780-8500
jbrown@bgs.com
Attorney for Appellant

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT

In re the Marriage of:

27-FA-19-6324

Case Type: Dissolution with child
State of Minnesota
6/22/2026 3:43 PM
Court File No. 27-FA-19-6324

Pawel Dominik Rzeczkowski,

Petitioner,

**FINDINGS AND ORDER**

and

Carolina Uribe Borrero,

Respondent.

The above-entitled matter came on for a hearing on Wednesday March 11, 2026, before the Honorable Holly B. Knight, Referee of District Court.

Petitioner was present and self-represented. Respondent was present and represented by Jason Brown, Esq.

Based upon all the files, proceedings, and records in this matter, the Court makes the following:

## FINDINGS OF FACT

1. The parties were married on October 1, 2011, in Colombia. Prior to their marriage, they signed a document titled "Dissolution and Liquidation of Marital Partnership" ("DLMP").
2. Petitioner initiated this dissolution of marriage to Carolina Uribe Borrero in 2019.
3. Throughout the initial divorce proceedings, Petitioner repeatedly challenged the validity and effect of the DLMP.
4. Petitioner's first motion and pleadings contesting the DLMP were filed in April and May of 2021. Petitioner asserted that he did not understand the Colombian legal documents.
5. In an order dated August 7, 2021, the District Court rejected Petitioner's claims that he was induced by fraud to sign the DLMP. The Court held the DLMP was effective in the



EXHIBIT
tabbies
B

dissolution proceedings. The Court found that Petitioner was not credible and stated that he had given the Court reason to believe he would mislead the Court or distort facts in a self-serving manner. The Court found that it was "presented with mountains of evidence that suggest – both directly and indirectly – that Father was told repeatedly about the legal significance of the Colombian Documents." The Court found that Petitioner's statements "lack reliability, consistency with other facts and are permeated with Father's self-interest to use the economic divorce when it suits him and disavow it when it does not."

State of Minnesota 6/22/2026 3:43 PM

6. Petitioner filed for discretionary review of the determination that the DLMP was valid, which the Court of Appeals denied on September 18, 2021.
7. Petitioner appealed the order on July 7, 2022. Petitioner argued the DLMP was invalid pursuant to Minnesota law and Colombian law. Petitioner repeated his arguments regarding fraudulent inducement and his disputes regarding trial evidence.
8. The Court of Appeals rejected the same arguments Petitioner had previously raised regarding the DLMP. It affirmed the Court's findings regarding the validity of the DLMP and the credibility of witnesses. However, it remanded the case for additional findings regarding attorney's fees and whether the DLMP was unconscionable.
9. On remand, the District Court entered an order on July 24, 2023, finding the DLMP was not unconscionable and was therefore enforceable. Petitioner appealed that order on September 21, 2023.
10. On November 17, 2023, Petitioner filed a series of motions, affidavits, and memorandums. These pleadings included a 132-page "Affidavit Detailing Predicate Crimes and Fraud" accusing Respondent and her relatives of a litany of crimes such as assault, harassment, and making false statements. Another was a "Motion for Criminal Referral" requesting the court refer Respondent to the Hennepin County Attorney's Office to prosecute alleged fraud and misconduct. Petitioner filed a motion entitled "Motion for Removal of Tainted and Fraudulent Evidence from Record." Petitioner also filed a proposed amended dissolution order which reflected his repeated claims that the DLMP was unenforceable and that Respondent engaged in crime and fraud.
11. On January 3, 2024, Petitioner filed a supplemental motion addressing the Court's amended findings and denial of attorney's fees from July 2023.

12. On January 11, 2024 Petitioner filed an appeal of the dissolution order and order denying him an award of attorney's fees.
13. The District Court denied all of Petitioner's motions on March 28, 2024, describing them as meritless and lacking legal authority. The Court awarded Respondent $999 in conduct-based legal fees to deter similar conduct. The Court found that an award of conduct-based attorney's fees was warranted "where a party's argument is so specious as to force the conclusion that so unfounded a position could be advanced only to harass, or where positions taken by a party are duplicitous and disingenuous and have the effect of lengthening litigation."

State of Minnesota
6/22/2026 3:43 PM

14. Despite the order, Petitioner filed a 99-page motion on August 12, 2024, to vacate and reconsider the District Court's prior orders. The motion renewed allegations that the DLMP was unenforceable and that Respondent engaged in crime and misconduct. Challenging the sanctions the Court imposed on him, Petitioner stated "[t]he only means by which the court could effectively prevent me from seeking assistance in recovering from domestic abuse and pursuing reunification with my children would be to petition the U.S. President to order an extreme and unlawful measure, such as the deployment of SEAL Team 6 against me… Whether the court imposes a coercive measure amounting to $1,000 or $1 billion, it makes no difference, as I lack the financial means."
15. The Court held a trial on September 11, 2024 to address custody. Petitioner repeatedly made arguments and statements regarding the DLMP, repeated his allegations of fraud and asked the Court to address matters which had been repeatedly litigated. Despite the Court's warnings and instructions to focus on the matter of custody, Petitioner continued to assert his prior claims regarding the financial issues.
16. On November 19, 2024, the District Court issued an order regarding custody. It also denied all of Petitioner's requests to reopen the divorce decree or modify the financial terms of the decree, as well as all of his requests regarding alleged criminal activity and fraud of Respondent.
17. The Court of Appeals rejected Petitioner's assertion that the DLMP was unconscionable in its opinion filed December 2, 2024. Petitioner then petitioned the Minnesota Supreme Court for review which denied review on February 26, 2025.

18. Petitioner appealed the District Court's award of conduct-based attorney's fees and denial of his motion to amend the dissolution order. The Court of Appeals affirmed the fee award and the denial of the motion on September 29, 2025.

19. Respondent filed a motion to designate Petitioner as frivolous on December 29, 2025. She seeks an order limiting Petitioner from filing of motions, pleading, or other documents without prior approval; requiring Petitioner provide $50,000 in security to the court; and to award Respondent attorney's fees.

State of Minnesota
6/22/2026 3:43 PM

20. Respondent's counsel filed an affidavit of attorney's fees on March 24, 2026, documenting fees in the amount of $19,614.50. Counsel seeks $16,331.00 related to the issue of Respondent's frivolous litigant motion.

21. This court held a hearing on March 11, 2026, regarding whether to designate Petitioner as a frivolous litigant. Petitioner was given the opportunity to respond to the summary of conduct described above and to appear before the court, either with or without counsel.

22. In analyzing Respondent's request, the Court considered the seven factors outlined in Rule 9:

    a. *The frequency and number of claims pursued by the frivolous litigant with an adverse result.* Petitioner has alleged fraud by the vocational expert and financial expert at least eight times. Petitioner has alleged concealment of the mortgage forbearance at least four times. Petitioner has alleged coercion and bribery of a witness seven times. Petitioner has alleged perjury by Respondent's family members eight times. Petitioner has alleged fraud at least four times. Petitioner has argued that the Colombian legal documents have been wrongfully enforced at least fourteen times.

    b. *Whether there is a reasonable probability that the frivolous litigant will prevail on the claim, motion, or request.* Petitioner's arguments and allegations have been repeatedly analyzed in court orders. He has not been successful and the District Court orders have been affirmed by the Court of Appeals three times.

    c. *Whether the claim, motion, or request was made for purposes of harassment, delay, or vexatiousness, or otherwise in bad faith.* Prior district court orders are replete with findings that Petitioner is litigating in bad faith and to harass Respondent.

    d. *Injury incurred by other litigants prevailing against the frivolous litigant and to the efficient administration of justice as a result of the claim, motion or request in question.* Respondent has incurred exorbitant legal fees responding to Petitioner's motions. Additionally, Petitioner's conduct and allegations during the pendency

of this proceeding has caused unnecessary delays and undermined the efficient administration of justice.

e. *Effectiveness of prior sanctions in deterring the frivolous litigant from pursuing frivolous claims*. Petitioner has previously been ordered to pay conduct-based attorney's fees. These fees have not been paid and have not been a deterrent for Petitioner to seek the same relief. Petitioner has made it abundantly clear that he will not stop filing lawsuits. In addressing prior sanctions, Petitioner has stated that "[t]he only means by which the court could effectively prevent me from seeking assistance in recovering from domestic abuse and pursuing reunification with my children would be to petition the U.S. President to order an extreme and unlawful measure, such as the deployment of SEAL Team 6 against me . . . Whether the court imposes a coercive measure amounting to $1,000 or $1 billion, it makes no difference, as I lack the financial means."

27-FA-19-6324
Filed in District Court
State of Minnesota
6/22/2026 3:43 PM

f. *The likelihood that requiring security or imposing sanctions will ensure adequate safeguards and provide means to compensate the adverse party*. Absent security or sanctions, Petitioner will continue to file lengthy motions that have no legal or factual basis and that attempt to relitigate the issues in this case. Requiring Petitioner to furnish monetary security will provide some assurance that Respondent may receive any future award of conduct-based fees.

g. *Whether less severe sanctions will sufficiently protect the rights of other litigants, the public or the courts*. The Court finds that Respondent's proposed safeguards are appropriate and necessary to protect Respondent and the courts. Less severe sanctions have been unsuccessful and blatantly scoffed at by Petitioner.

23. The court finds that the record of Petitioner's actions demonstrates a well-established pattern of filing and maintaining frivolous motions and actions.

24. The court finds that Petitioner's litigation tactics are part of a bad-faith effort to harass the Respondent named in various lawsuits. Petitioner's actions have wasted these individuals' time and resources by compelling them or their counsel to appear in court and litigate these frivolous matters.

25. The court finds that Petitioner's frivolous actions have wasted and continue to waste valuable judicial resources. These cases have not only misused Hennepin County District Court resources but have also consumed the time of the Court of Appeals and Supreme Court.

26. In part based on the ineffectiveness of past sanctions and Petitioner's statements to that effect, the Court finds that Petitioner will continue to bring actions for which there is no

reasonable probability of prevailing unless the Court creates an effective deterrence from doing so.

27. The Court finds that Petitioner will continue to bring additional identical or nearly identical claims that have been previously settled unless the Court fashions an effective constraint on such conduct.

State of Minnesota
6/22/2026 3:43 PM

28. The Court allowed Respondent's counsel to file an affidavit of attorney's fees. After reviewing the affidavit and court file, the Court finds Respondent's proposed amount to be fair and equitable. Respondent was forced to file her current motion due to Petitioner's excessive and harassing litigation. Petitioner has unreasonably contributed to the length and expense of this proceeding.

29. On July 18, 2025, Petitioner filed a "Motion to Preserve Assets." The motion and underlying pleadings once again reiterated claims of concealed mortgage forbearance, false expert testimony and witness coercion. Again, Petitioner accuses Respondent of perpetrating fraud. The issues and allegations in the motion have been repeatedly litigated. The Courts have repeatedly ruled in Respondent's favor. This motion has no legal basis to move forward and no hearing will be scheduled.

30. On June 11, 2026, Petitioner filed a motion to "enforce summer parenting time." Petitioner also asked for expedited relief. Respondent's attorney filed a letter asking to enforce the mediation clause before Petitioner's motion goes forward. The parties have been previously ordered to participate in mediation before proceeding to Court. The Court will require mediation before scheduling a hearing date on Petitioner's motion.

## CONCLUSIONS OF LAW

1. Rule 9.01 of the Minnesota General Rules of Practice provides that, "on its own initiative and after notice and hearing, the court may…enter an order…imposing preconditions on a frivolous litigant's service or filing of any new claims, motions or requests."

2. Pawel Dominik Rzeczkowski is a frivolous litigant as defined by Rule 9.06(b) of the Minnesota General Rules of Practice, which describes a frivolous litigant as:

> (1) A person who, after a claim has been finally determined against the person, repeatedly relitigates or attempts to relitigate either, (i) the validity of the determination against the same party or parties as

Filed in District Court
State of Minnesota
6/22/2026 3:43 PM

> to whom the claim was finally determined; or (ii) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same party or parties as to whom the claim was finally determined; or
>
> (2) A person who in any action or proceeding repeatedly serves or files frivolous motions, pleadings, letters, or other documents, conducts unnecessary discovery, or engages in oral or written tactics that are frivolous or intended to cause delay; or
>
> (3) A person who institutes and maintains a claim that is not well grounded in fact and not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law or that is interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigating the claim.

3. The Court concludes that, at this time, requiring Pawel Dominik Rzeczkowski to furnish security in the amount of $50,000, before filing any action or any motion in Hennepin County District Court, will adequately protect the rights of other litigants, the public, and the courts.
4. The Court has carefully considered the applicable statutes and case law and concludes that this Order follows all procedural and substantive requirements in declaring Pawel Dominik Rzeczkowski a frivolous litigant, affording notice and an opportunity to be heard, and imposing the "[least] severe sanction [that] will sufficiently protect the rights of other litigants, the public, or the courts." *See* Minn. Gen. R. P. 9.02; Minn. R. Civ. P. 11.03; *Szarynski v Szarynski*, 732 N.W.2d 285, 294-95 (Minn. Ct. App. 2007).

**ORDER**

1. Before filing or service of any new petitions, claims, motions, requests or new actions against Respondent, Petitioner must have the pleadings reviewed by the undersigned to determine whether they are raising a new legal issue and/or providing a factual and legal basis to proceed to a hearing.

2. Before filing or service of any new petitions, claims, motions, requests or new actions against Respondent, Petitioner shall furnish security in the amount of $50,000 with the appropriate court administrator.
3. The court will not accept from Petitioner any documents for filing that do not comply with the requirements of the Minnesota Rules of Civil Procedure and the General Rules of Practice for the District Courts. If Petitioner makes any attempt to file a new proceeding without the above-stated approval by a judge, **the court administrator shall reject the filing**.
4. Any filing made or order obtained in violation of this Order is null and void.
5. Petitioner shall pay $16,331.00 as and for conduct-based attorney's fees. Payment shall be made to Respondent's counsel within 30 days of the date of this order. Failure to do so may result in the issuance of a judgment.
6. Petitioner's July 18, 2025 shall not be scheduled for a hearing pursuant to the order above.
7. Petitioner's June 11, 2026 motion for expedited relief is denied. A court hearing will be scheduled once a good faith attempt at mediation is made.

Filed in District Court
State of Minnesota
6/22/2026 3:43 PM

LET JUDGMENT BE ENTERED ACCORDINGLY.

2026.06.22 12:45:43 -05'00'

Holly B. Knight
Referee of District Court

Theresa Couri
Judge of District Court

Dated: June 22, 2026

**SETTLEMENT AGREEMENT**

This Settlement Agreement (the "Settlement Agreement"), made effective as of June 16, 2026 (the "Effective Date") is entered into between Carolina Uribe Borrero (the "Debtor") and DeWitt, LLC and Pawel Rzeczkowski (collectively, the "Claimants" and collectively with the Debtor, the "Parties").

**WHEREAS**, the Debtor filed a chapter 13 bankruptcy in the District of Minnesota, case no. 26-40008 on January 2, 2026 (the "Bankruptcy").

**WHEREAS**, the Claimants filed a proof of claim in the Bankruptcy seeking a priority claim in the amount $154,141.00, under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B) (the "Claim"). The Claim is pursuant to an order dated May 27, 2025, entered in Minnesota State Court case no. 27-FA-19-6324. The Claimants also filed an adversary proceeding, case no. 26-04044, asking that their Claim be deemed nondischargeable (the "Adversary"). There are possible other claims that that Claimants may assert against the Debtor and that Debtor may assert against one or both Claimants for attorney fees and legal expenses incurred to date.

**WHEREAS**, the Debtor appealed the state court order dated May 27, 2025, and such appeal is currently pending with the Minnesota Court of Appeals.

**WHEREAS**, the Debtor filed a motion objecting to the Claim. The claim objection was ordered to mediation with Judge William J. Fisher, which was held on June 4, 2026.

**WHEREAS**, at mediation, the Parties settled the Claim and Adversary and all other claims that the Claimants might have against the Debtor and that the Debtor might have against one or both Claimants for payment of attorney fees, and reimbursement of legal costs or expenses, pursuant to the terms of this Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY AGREED BETWEEN THE PARTIES:**

1. The Parties hereby acknowledge, consent and agree that the recitals contained above are true and accurate in all respects and form an integral part of this Settlement Agreement.

2. The Parties agree that Claimants shall be allowed a nondischargeable priority claim in the Bankruptcy in the amount of $73,000.00 under 11 U.S.C. § 507(a)(1)(A).

3. The Debtor will file a modified chapter 13 plan in the form attached hereto as Exhibit A, which provides that approximately $60,000.00 will be paid to Claimants by the chapter 13 trustee as soon as practicable after confirmation of the modified plan and that the remaining amount of approximately $13,000.00 will be paid from ongoing distributions from the chapter 13 trustee.

4. As soon as practicable after confirmation of the modified plan, Claimants shall file an amended proof of claim to claim $73,000.00 as priority under § 507(a)(1)(A)or (a)(1)(B). The $73,000.00 claim is nondischargeable.

5. As soon as practicable after confirmation of the modified plan, the Debtor will withdraw her motion objecting to the Claim and the Claimants will dismiss the Adversary with prejudice. Thereafter,



EXHIBIT
tabbies
C

the Debtor will dismiss her appeal.

6. Effective upon confirmation of the modified plan, and subject to the terms of this Settlement Agreement, the Claimants completely and fully release and forever discharge the Debtor of and from any and all claims, demands, actions, and suits, known or unknown, related to the Claim and any other attorney fees, legal costs, or legal expenses incurred by the Claimants including but not limited to any attorney fees, legal costs or legal expenses related to Hennepin County file 27-FA-19-6324, MN A22-0954, MN A24-0059, MN A25-0059, and any and all actions labeled Pawel Dominik Rzeczkowski v. Carolina Uribe Borrero, or DeWitt LLC v. Carolina Uribe Borrero, as of the date of this Settlement Agreement.

7. Effective upon confirmation of the modified plan, and subject to the terms of this Settlement Agreement, the Debtor completely and fully releases and forever discharges the Claimants, and each of them, of and from any and all claims, demands, actions, and suits, known or unknown, related to the Claim and any other attorney fees, legal costs, or legal expenses incurred by the Debtor, including but not limited to any attorney fees, legal costs or legal expenses related to Hennepin County file 27-FA-19-6324, MN A22-0954, MN A24-0059, MN A25-0059, and any and all actions labeled Pawel Dominik Rzeczkowski v. Carolina Uribe Borrero, or DeWitt LLC v. Carolina Uribe Borrero, as of the date of this Settlement Agreement.

8. The Parties hereby acknowledge, consent and agree that each of them has been represented by counsel in the negotiation and the execution of this Settlement Agreement.

9. The Settlement Agreement shall be governed by and construed exclusively in accordance with the laws of the State of Minnesota and the U.S. Bankruptcy Code and shall be under the jurisdiction of the U.S. Bankruptcy Court, District of Minnesota, for any disputes arising out of the terms of this Settlement Agreement.

10. No modification, amendment, waiver or consent of any provision of this Settlement Agreement shall be effective unless the same shall be in writing and signed by all Parties.

11. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and permitted assigns.

12. This Settlement Agreement embodies the entire agreement between the Parties and supersedes all prior agreements and understandings relating to the subject matter hereof.

THE UNDERSIGNED REPRESENT AND WARRANT THAT THEY HAVE READ THIS SETTLEMENT AGREEMENT IN ITS ENTIRETY AND HAVE THE FULL CAPACITY, POWER, AND AUTHORITY TO MAKE THIS AGREEMENT AS SET FORTH ABOVE, AND THAT NO OTHER REPRESENTATIONS OR INDUCEMENTS APART FROM THIS SETTLEMENT AGREEMENT, EITHER WRITTEN OR ORAL, HAVE BEEN MADE.

IN WITNESS WHEREOF, the Parties are executing this Settlement Agreement as of the Effective Date set forth above.

SIGNATURE PAGE FOR SETTLEMENT AGREEMENT

Dated: June 16, 2026 Signed: ______________
Carolina Uribe Borrero

Dated: 6/15/2026 Signed: Pawel Rzeczkowski
Pawel Rzeczkowski

DeWitt, LLP

Dated: June 15, 2026 Signed By: ______________
Robert W. Due
Partner

FILED
OFFICE OF APPELLATE COURTS

Date: 2026.08.28 12:34:55 -05'00'

**STATE OF MINNESOTA**

**IN COURT OF APPEALS**

---

In re the Marriage of:

Pawel Dominik Rzeczkowski, petitioner,

Respondent,

vs.

Carolina Uribe Borrero,

Appellant.

---

**ORDER**

A26-0915

**BASED ON THE FILE, RECORD, AND PROCEEDINGS, AND BECAUSE:**

1. By order filed July 8, 2026, processing of this appeal was stayed.
2. Appellant has now filed a notice of voluntary dismissal.

**IT IS HEREBY ORDERED:**

1. The stay of processing is dissolved.
2. This appeal is dismissed.

**Dated:** August 28, 2026

**BY THE COURT**

Michelle A. Larkin

Judge Michelle A. Larkin

EXHIBIT
tabbies
D